**Grady AUVIL and Lillie Auvil, husband and wife; et. al., Plaintiffs,**

v.

**CBS "60 MINUTES", a foreign corporation, etc., et al., Defendants.**

No. CS–90–0553–WFN.

United States District Court, E.D. Washington.

Sept. 13, 1993.

J. Jarrett Sandlin and Kevin W. Crean, Sandlin Law Firm, Yakima, WA, Scott A. Jonsson and Peter A. Ozanne, Schwabe, Williamson & Wyatt, Portland, OR, and David H. Putney, Putney–Mazzola Law Offices, Yakima, WA, for plaintiffs.

Douglas P. Jacobs, Susanna M. Lowy, and Anthony M. Bongiorno, CBS Inc., New York City, Bruce E. H. Johnson, P. Cameron DeVore, Christopher Pesce, C. David Jennings, and William C. Komaroff, Davis Wright Tremaine, Seattle, WA, for defendant CBS Inc.

## ORDER

WM. FREMMING. NIELSEN, District Judge.

Before the court are plaintiffs' Motions to Strike Experts' Opinions, Ct.Rec. 172, and for Partial Summary Judgment, Ct.Rec. 171, and defendants' Motion for Summary Judgment, Ct.Rec. 164, heard on August 26, 1993 before the undersigned. Appearing on behalf of plaintiffs were Scott Jonsson, Peter Ozanne and Jay Sandlin; appearing on behalf of defendants were Bruce Johnson and Cameron DeVore. Having heard the oral argument of counsel, having reviewed the record and being fully informed, this court **DENIES** plaintiffs' Motion to Strike Experts' Opinions; **DENIES** plaintiffs' Motion for Partial Summary Judgment; and **GRANTS** defendants' Motion for Summary Judgment.

The facts of this case have already been set out in *Auvil v. CBS "60 Minutes"*, 800 F.Supp. 928 (E.D.Wa.1992).

### A. Plaintiffs' Motion to Strike Experts' Opinions.

█ Plaintiffs have moved to strike the opinions of CBS' experts claiming they are all inadmissible under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, —— U.S. ——, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). In *Daubert*, the Supreme Court rejected the Ninth Circuit position that expert opinion is only admissible if it is based on a technique or methodology that is generally accepted by the scientific community. The thrust of *Daubert* was to move away from the focus on " 'general acceptance,' as gauged by publication and the decisions of other courts" and to focus on whether "an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at ——, 113 S.Ct. at 2799. The expert testimony is clearly relevant to the task at hand so the only issue is reliability.

The plaintiffs maintain that the data underlying CBS' expert opinions is fundamentally flawed. However, this court finds that at least to the extent CBS' experts relied on the data and conclusions provided by the EPA, their conclusions are clearly sufficiently reliable for this inquiry.

### B. Plaintiffs' Motion for Partial Summary Judgment Based on the Issue of Falsity.

█ In order to rule in plaintiffs' favor, this court would have to find there is no material issue of fact as to the falsity of CBS' broadcast. Fed.R.Civ.P. 56. This would be inappropriate in view of the fact that even the message of the broadcast is hotly contested. Since this court cannot find as a matter of law that the message of the broadcast is established, neither can it judge the falsity of that message.

### C. Defendants' Motion for Summary Judgment.

█ CBS claims that it is entitled to summary judgment because the plaintiffs cannot prove that CBS' statements were

false. As an initial matter, the burden and standard of proof must be established. In a disparagement case, plaintiff carries the initial burden of proof to show that an objectionable statement is false and made with actual malice. *New York Times v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964); *Auvil,* 800 F.Supp. at 937. It is without dispute that malice must be established by clear and convincing evidence. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Supreme Court and the Ninth Circuit have not ruled on whether falsity must also be established by clear and convincing evidence. *Harte–Hanks Communications, Inc. v. Connaughton,* 491 U.S. 657, 661 n. 2, 109 S.Ct. 2678, 2682 n. 2, 105 L.Ed.2d 562 (1989); *Newton v. National Broadcasting Company, Inc.,* 930 F.2d 662, 669 n. 7 (9th Cir.1990), *cert. den.* — U.S. ——, 112 S.Ct. 192, 116 L.Ed.2d 152 (1991). However, the Washington State Supreme Court has held that "[a]ll the elements of defamation must be shown with convincing clarity." *Herron v. King Broadcasting,* 112 Wash.2d 762, 768, 776 P.2d 98 (1989). But the *Herron* decision mistakenly cites *Liberty Lobby* for the proposition that falsity must be shown by convincing clarity. Further, *Herron* came down the same day that *Harte–Hanks* was issued and therefore the Washington court did not have the benefit of the *Harte–Hanks* comment that the issue was unsettled. Because of the unsettled nature of the standard, for the purposes of this summary judgment, the court will give the benefit to the non-moving party and apply the preponderance of the evidence standard of proof.

With this in mind, the court faces CBS' claims that its statements are not false and even if false, cannot be verified as false. CBS relies in a large part on *Philadelphia Newspapers, Inc. v. Hepps,* 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986). The issue before the Supreme Court in *Hepps* was whether a private party plaintiff or a media defendant bore the burden of proof on the issue of falsity when a claim of defamation involves an issue of public importance. In shifting the burden of proof to the plaintiff, the Supreme Court stated:

Because the burden of proof is the deciding factor only when the evidence is ambiguous, we cannot know how much of the speech affected by the allocation of the burden of proof is true and how much is false. In a case presenting a configuration of speech and plaintiff like the one we face here, and where the scales are in such an uncertain balance, we believe that the Constitution requires us to tip them in favor of protecting true speech.

*Id.* at 776, 106 S.Ct. at 1564. In *Hepps,* a private individual brought an action for defamation against Philadelphia Newspapers, Inc. which owns the Philadelphia Inquirer. The Inquirer had published a series of articles claiming that Mr. Hepps had links to organized crime and used these links to influence the state's government. It is this court's opinion that as in *Hepps,* this is such a case where the evidence is ambiguous even viewing it in a light most favorable to the plaintiffs as the non-moving party.

■ For the sake of this motion, this court adopts plaintiff's allegation as to the CBS broadcast message: Because of the use of daminozide, apples pose an imminent health hazard of causing cancer especially in children. This breaks down into three distinct factual issues raised by the broadcast:

(1) daminozide is the most potent cancer-causing agent in our food supply;

(2) daminozide poses an imminent hazard and an unacceptable risk; and

(3) daminozide is most harmful to children.

None of these issues can be proven as false.

### 1. The most potent cancer-causing agent.

Plaintiffs argue that there are several naturally occurring chemicals that are more potent than daminozide. However, the plaintiffs do not dispute that the EPA has in fact listed daminozide as a probable human carcinogen and that its breakdown element of UDMH ranked as one of the most if not the most carcinogenic synthetic pesticide then on the market. Since the CBS statement could be true, it cannot be proven false.

### 2. Daminozide as an imminent hazard.

CBS accurately reported that daminozide has been linked to cancer. Because of the

usually long latent period of cancer, ingesting a carcinogen at any time could create an imminent hazard of incurring cancer in the future. Again, this is an ambiguous statement that could conceivably be true and plaintiffs are incapable of proving false.

### 3. Children most at risk.

Plaintiffs have come forward with much evidence to the effect that there is no proof that daminozide is more harmful to children. CBS, on the other hand, has come forward with evidence that the daminozide found on apples is more harmful to children. Therefore at most plaintiffs have been able to show that there is dispute over whether daminozide is more harmful to children. Plaintiffs have not shown the CBS statement to be false.

The court is not unmindful of the wide ranging affect this broadcast had on Washington's apple industry. However, because this disparagement action raises constitutional issues of freedom of speech, this court is bound by the United States Supreme Court decisions. That Court recognized that:

> requiring the plaintiff to show falsity will insulate from liability some speech that is false, but unprovably so. Nonetheless the Court's previous decisions on the restrictions that the First Amendment places upon the common law of defamation firmly support our conclusions here with respect to the allocation of the burden of proof. In attempting to resolve related issues in the defamation context, the Court has affirmed that '[t]he First Amendment requires that we protect some falsehood in order to protect speech that matters.'

*Hepps*, 475 U.S. at 778, 106 S.Ct. at 1564 *citing Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 341, 94 S.Ct. 2997, 3007, 41 L.Ed.2d 789 (1974). Here, the issue of the carcinogenic effect of pesticides in the food supply is speech that clearly matters.

█ Even if CBS' statements are false, they were about an issue that mattered, cannot be proven as false and therefore must be protected. To hold as plaintiffs request would have required CBS to take the EPA report and perform a highly technical scientific study before issuing a public broadcast about that report. A news reporting service is not a scientific testing lab and these services should be able to rely on a scientific government report when they are relaying the report's results [1]. The duty plaintiffs propose would so chill debate that the freedom of speech would be at risk. Accordingly,

**IT IS ORDERED** that:

1. Plaintiffs' Motion to Strike Expert Testimony, Ct.Rec. 172, be and the same is hereby **DENIED.**

2. Plaintiffs' Motion for Partial Summary Judgment, Ct.Rec. 171, be and the same is hereby **DENIED.**

3. Defendants' Motion for Summary Judgment, Ct.Rec. 164, be and the same is hereby **GRANTED.**

The Clerk is directed to file this Order, enter judgment for defendants, provide copies to counsel and **CLOSE THIS FILE.**

---

1. Conceivably the EPA report was incorrect, but in that case, plaintiffs' dispute would be with the government decision and not CBS' reporting of the same.